REQUESTED BY: Dear Senator:
You have requested this office to review LB 654 for possible constitutional defects. Essentially, that bill directs the Director of Personnel to create two new classes of bank examiners within the Department of Banking, and set specified pay grades for all classes of bank examiners.
It appears to this office that one constitutional question is presented by the proposed legislation, that being a question involving the separation of powers among the three branches of government, Article II, section 1. That section provides as follows:
 "The powers of the government of this state are divided into three distinct departments, the Legislative, Executive and Judicial, and no person or collection of persons being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."
Perhaps the best discussion of the problem involved is found in State ex rel. Meyer v. State Board of Equalizationand Assessment, 185 Neb. 490, 176 N.W.2d 920 (1970). In that case, the question was whether, when the Legislature was meeting only biennially, an annual limitation on spending for personnel services could be utilized by the Legislature. The court stated as follows beginning on page 499:
 "The Legislature has plenary or absolute power over appropriations. It may make them upon such conditions and with such restrictions as it pleases within constitutional limits. There is one thing, however, which it cannot do, and this is inherent in Article II, section 1, Constitution of Nebraska. It cannot through the power of appropriation exercise or invade the constitutional rights and powers of the executive branch of the government. It cannot administer the appropriation once it has been made. When the appropriation is made, its work is complete and the executive authority takes over to administer the appropriation to accomplish its purpose, subject to the limitations imposed. . . ."
The court then continued by stating that it is `impossible to fix exact limits in the area of constitutional separation of powers,' and further stating that the problem can only be approached on a case-by-case basis.
The court then held that in that particular case, the restriction was reasonable and did not violate the constitutional separation of powers.
The situation presented by LB 654 involves a more substantial restriction upon the executive department of government in an area more often considered as being within the inherent powers of the executive branch that of classifying and paying their employees within the appropriation made by the Legislature. It is difficult to predict, however, where a court, if presented with this problem, would draw the line as to when such a restriction becomes an invasion of the constitutional rights and powers of the executive branch of government.
Some direction may be found in Board of Regents v.Exon, 199 Neb. 146, ___ N.W.2d ___ (1977), which was recently decided by the Supreme Court. Although dealing with the University of Nebraska as opposed to the executive branch of government, and with Article VII, section 10 of the Constitution as opposed to Article II, section 1, many of the same considerations are applicable. In that case, the court stated as follows on page 153:
 "We believe the finding by the trial court that the Legislature may fix and determine the manner in which raises are to be given to employees of the Board of Regents was erroneous. The determination of salary schedules and the compensation to be paid to the employees of the Board of Regents is an integral part of the general government of the University. . . ."
Since a court only approaches a problem such as the one presented herein on a case-by-case basis, it is very difficult for this office to make a determination as to constitutionality. However, a strong argument could be made that LB 654 is unconstitutional as violative of the separation of powers required by Article II, section 1 of the Constitution. Therefore, we cannot say that LB 654 is definitely constitutional nor can we say that it is definitely unconstitutional. We feel, however, that you should be made aware of the problem involved and should further be advised that it could be held unconstitutional if passed in its present form.